O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-0659 AHM (VBKx)<br>CV 08-3871 AHM (VBKx)<br>CV 08-3873 AHM (VBKx)<br>CV 08-3874 AHM (VBKx)✓<br>CV 08-3875 AHM (VBKx)<br>CV 08-3882 AHM (VBKx)<br>CV 08-3891 AHM (VBKx)<br>CV 08-3929 AHM (VBKx) | Date | January 21, 2009 |
|---|---|---|---|
| Title | JEFFREY KLEIN v. AVIS RENT A CAR SYSTEM INC., et al.<br>ZACK MILLER v. BUDGET RENT A CAR SYSTEM, INC., et al.<br>ZACK MILLER, et al. v. ENTERPRISE LEASING COMPANY-WEST, et al.<br>ZACK MILLER v. VANGUARD CAR RENTAL USA, INC., et al.<br>ZACK MILLER v. DTG OPERATIONS, INC., et al.<br>VULCANO TARQUE v. NATIONAL RENTAL CAR FINANCING CORP., et al.<br>ANDREW L. WOOLF v. COAST LEASING CORP., et al.<br>ZACK MILLER, et al. v. THE HERTZ CORPORATION, et al. | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Stephen Montes | | Not Reported | |
| Deputy Clerk | | Court Reporter / Recorder | Tape No. |

Attorneys **NOT** Present for Plaintiffs:            Attorneys **NOT** Present for Defendants:

**Proceedings:**       IN CHAMBERS (No Proceedings Held)


## I.       INTRODUCTION

Eight putative class actions challenging certain aspects of the sale of rental car insurance in California have been filed in this Court. Defendants in six of those actions — all rental car companies — separately filed nearly identical motions to dismiss. Pursuant to this Court's inherent power to adjudicate civil actions efficiently, the Court stated on November 20, 2008 that it would first decide the motion brought in *Miller v. Vanguard Car Rental USA, Inc., et al.*, CV 08-3874 AHM (VBKx). The Court deemed the defendants in the other cases to have joined in the Rule 12 motion in the *Vanguard* action. It also ordered the defendants in the two cases where Rule 12 motions have not been filed not to file any such motions until the resolution of the *Vanguard* motion. The Court stated that if it dismissed some claims with leave to amend, then all first amended

O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 08-0659 AHM (VBKx) <br> CV 08-3871 AHM (VBKx) <br> CV 08-3873 AHM (VBKx) <br> CV 08-3874 AHM (VBKx)✓ <br> CV 08-3875 AHM (VBKx) <br> CV 08-3882 AHM (VBKx) <br> CV 08-3891 AHM (VBKx) <br> CV 08-3929 AHM (VBKx) | Date | January 21, 2009 |
|---|---|---|---|
| Title | JEFFREY KLEIN v. AVIS RENT A CAR SYSTEM INC., et al. <br> ZACK MILLER v. BUDGET RENT A CAR SYSTEM, INC., et al. <br> ZACK MILLER, et al. v. ENTERPRISE LEASING COMPANY-WEST, et al. <br> ZACK MILLER v. VANGUARD CAR RENTAL USA, INC., et al. <br> ZACK MILLER v. DTG OPERATIONS, INC., et al. <br> VULCANO TARQUE v. NATIONAL RENTAL CAR FINANCING CORP., et al. <br> ANDREW L. WOOLF v. COAST LEASING CORP., et al. <br> ZACK MILLER, et al. v. THE HERTZ CORPORATION, et al. | | |

complaints having comparable allegations also would have to be amended.  If the Court dismissed claims with prejudice, then all those claims would have to be dropped in the other cases too.

For the reasons explained below, the Court GRANTS the motion to dismiss the First Amended Complaint in the *Vanguard* action,[1] and gives Plaintiff leave to amend some, but not all, of his claims.  If the plaintiffs in this case and the seven related cases wish to maintain their actions in light of this ruling they must file amended complaints consistent with this Order in all eight of the cases, on or before February 4, 2009.  After any challenge to the corrected complaint(s) has been adjudicated, the Court will issue a briefing and scheduling order.  (The Court may issue an order specifying which case would be the sample or test case for any such motion.)  No defendant in the eight related cases may file any dispositive motion until the Court issues such an order.

## II.    FACTUAL BACKGROUND[2]

Plaintiff Zack Miller brings this putative class action against defendants Vanguard

---

[1] Docket No. 20.

[2] All allegations are taken from the First Amended Complaint, which was filed on October 10, 2008, after the parties met and conferred on September 19, 2008.

O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 08-0659 AHM (VBKx)<br>CV 08-3871 AHM (VBKx)<br>CV 08-3873 AHM (VBKx)<br>CV 08-3874 AHM (VBKx)✓<br>CV 08-3875 AHM (VBKx)<br>CV 08-3882 AHM (VBKx)<br>CV 08-3891 AHM (VBKx)<br>CV 08-3929 AHM (VBKx) | Date | January 21, 2009 |
| Title | JEFFREY KLEIN v. AVIS RENT A CAR SYSTEM INC., et al.<br>ZACK MILLER v. BUDGET RENT A CAR SYSTEM, INC., et al.<br>ZACK MILLER, et al. v. ENTERPRISE LEASING COMPANY-WEST, et al.<br>ZACK MILLER v. VANGUARD CAR RENTAL USA, INC., et al.<br>ZACK MILLER v. DTG OPERATIONS, INC., et al.<br>VULCANO TARQUE v. NATIONAL RENTAL CAR FINANCING CORP., et al.<br>ANDREW L. WOOLF v. COAST LEASING CORP., et al.<br>ZACK MILLER, et al. v. THE HERTZ CORPORATION, et al. | | |

Car Rental USA, Inc., d.b.a. Alamo Rental Car; Vanguard Car Rental USA Holdings, Inc., d.b.a. Alamo Rental Car; Alamo Rental (US), Inc.; Alamo Rent-a-Car, LLC; and Does 1-10,[3] all of which are allegedly in the business of renting vehicles in California. First Amended Complaint (FAC) ¶ 22. Plaintiff alleges that on at least one occasion in 2007 he rented a vehicle in California from Defendants and bought insurance coverage offered by them. FAC ¶¶ 26-27. He alleges that "[a]mong the various coverage options offered" by Defendants are "Extended Protection ('EP'), Carefree Personal Protection Insurance ('PERSPRO'), and Alamo Protection Plus ('APP') . . . ." FAC ¶ 24. Plaintiff alleges that Defendants either underwrote coverage for these options themselves or underwrote some of the coverage, with third-party entities underwriting the balance. FAC ¶ 28. Plaintiff does not, however, allege which insurance coverage he purchased.

Plaintiff alleges that at the time Defendants sold insurance to him they had not applied for or received approval from the California Insurance Commissioner for the coverage rates they charged, and that this omission violates the requirements of California Insurance Code §§ 1861.01, et seq. FAC ¶¶ 29-30. Plaintiff also alleges that Defendants "collected money from the PLAINTIFF CLASS in excess of that money which they were lawfully and rightfully allowed to collect pursuant to the California Insurance Code." FAC ¶ 37.

---

[3] Defendants state in their Notice of Motion to Dismiss that Alama Rent-a-Car, LLC is a defunct entity and is erroneously sued.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-0659 AHM (VBKx)<br>CV 08-3871 AHM (VBKx)<br>CV 08-3873 AHM (VBKx)<br>CV 08-3874 AHM (VBKx)✓<br>CV 08-3875 AHM (VBKx)<br>CV 08-3882 AHM (VBKx)<br>CV 08-3891 AHM (VBKx)<br>CV 08-3929 AHM (VBKx) | Date | January 21, 2009 |
|---|---|---|---|
| Title | JEFFREY KLEIN v. AVIS RENT A CAR SYSTEM INC., et al.<br>ZACK MILLER v. BUDGET RENT A CAR SYSTEM, INC., et al.<br>ZACK MILLER, et al. v. ENTERPRISE LEASING COMPANY-WEST, et al.<br>ZACK MILLER v. VANGUARD CAR RENTAL USA, INC., et al.<br>ZACK MILLER v. DTG OPERATIONS, INC., et al.<br>VULCANO TARQUE v. NATIONAL RENTAL CAR FINANCING CORP., et al.<br>ANDREW L. WOOLF v. COAST LEASING CORP., et al.<br>ZACK MILLER, et al. v. THE HERTZ CORPORATION, et al. | | |

Plaintiff asserts claims under California Business and Professions Code §§ 17200, et seq. (California's "Unfair Competition Law" or "UCL"), California Insurance Code §§ 1861.01, et seq., and for declaratory relief under the federal Declaratory Judgment Act, 28 U.S.C. § 2201, et seq. Pursuant to the UCL claim, Plaintiff seeks injunctive relief, and restitution and disgorgement of monies. Plaintiff seeks to represent a class of "All U.S. residents who purchased insurance from DEFENDANTS in the State of California from a date four years prior to the filing of this Complaint to the present." FAC ¶ 13.

Defendants have filed a motion to dismiss with prejudice Plaintiff's suit, for failure to state a claim, and to strike portions of the prayer for relief in the First Amended Complaint.

## III.   LEGAL STANDARDS

### A.   Standards Governing Rule 12(b)(6) Motions

On a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim, the allegations of the complaint must be accepted as true and are to be construed in the light most favorable to the nonmoving party. *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in the complaint. Thus, if the complaint states a claim under any legal theory, even if the plaintiff erroneously

O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-0659 AHM (VBKx)<br>CV 08-3871 AHM (VBKx)<br>CV 08-3873 AHM (VBKx)<br>CV 08-3874 AHM (VBKx)✓<br>CV 08-3875 AHM (VBKx)<br>CV 08-3882 AHM (VBKx)<br>CV 08-3891 AHM (VBKx)<br>CV 08-3929 AHM (VBKx) | Date | January 21, 2009 |
|---|---|---|---|
| Title | JEFFREY KLEIN v. AVIS RENT A CAR SYSTEM INC., et al.<br>ZACK MILLER v. BUDGET RENT A CAR SYSTEM, INC., et al.<br>ZACK MILLER, et al. v. ENTERPRISE LEASING COMPANY-WEST, et al.<br>ZACK MILLER v. VANGUARD CAR RENTAL USA, INC., et al.<br>ZACK MILLER v. DTG OPERATIONS, INC., et al.<br>VULCANO TARQUE v. NATIONAL RENTAL CAR FINANCING CORP., et al.<br>ANDREW L. WOOLF v. COAST LEASING CORP., et al.<br>ZACK MILLER, et al. v. THE HERTZ CORPORATION, et al. | | |

relies on a different legal theory, the complaint should not be dismissed. *Haddock v. Bd. of Dental Examiners*, 777 F.2d 462, 464 (9th Cir. 1985).

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" . . . While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . ., a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . .

*Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007) (internal citations omitted).

Where a motion to dismiss is granted, a district court should provide leave to amend unless it is clear that the complaint could not be saved by any amendment. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008) (citation omitted).

O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-0659 AHM (VBKx)<br>CV 08-3871 AHM (VBKx)<br>CV 08-3873 AHM (VBKx)<br>CV 08-3874 AHM (VBKx)✓<br>CV 08-3875 AHM (VBKx)<br>CV 08-3882 AHM (VBKx)<br>CV 08-3891 AHM (VBKx)<br>CV 08-3929 AHM (VBKx) | Date | January 21, 2009 |
|---|---|---|---|
| Title | JEFFREY KLEIN v. AVIS RENT A CAR SYSTEM INC., et al.<br>ZACK MILLER v. BUDGET RENT A CAR SYSTEM, INC., et al.<br>ZACK MILLER, et al. v. ENTERPRISE LEASING COMPANY-WEST, et al.<br>ZACK MILLER v. VANGUARD CAR RENTAL USA, INC., et al.<br>ZACK MILLER v. DTG OPERATIONS, INC., et al.<br>VULCANO TARQUE v. NATIONAL RENTAL CAR FINANCING CORP., et al.<br>ANDREW L. WOOLF v. COAST LEASING CORP., et al.<br>ZACK MILLER, et al. v. THE HERTZ CORPORATION, et al. | | |

### B.    Standards Governing Rule 12(f) Motions

Pursuant to Federal Rule of Civil Procedure 12(f), "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "Immaterial" matters are those which have no essential or important relationship to the claim for relief; "impertinent" matters are statements that do not pertain and are not necessary to the issues in question. *See Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *overruled on other grounds*, 510 U.S. 517 (1994).  A motion to strike may be used to strike a prayer for relief where the damages sought are not recoverable as a matter of law. *Bureerong v. Uvawas*, 922 F.Supp. 1450, 1479, n.34 (C.D. Cal 1996) (denying motion to strike liquidated damages, treble damages, and punitive damages).

## IV.    DISCUSSION

Plaintiff asserts three claims in his First Amended Complaint, and Defendants move to dismiss all of them.  As to the claims under California's UCL and the federal Declaratory Judgment Act, the Court grants the motion to dismiss, with leave to amend, because Plaintiff failed to allege an injury in fact and did not specify the type of insurance he purchased.  Plaintiff concedes that his third claim, under California Insurance Code §§ 1861.01, et seq., may not be pursued, and so the Court grants the motion to dismiss that claim with prejudice.

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-0659 AHM (VBKx)<br>CV 08-3871 AHM (VBKx)<br>CV 08-3873 AHM (VBKx)<br>CV 08-3874 AHM (VBKx)✓<br>CV 08-3875 AHM (VBKx)<br>CV 08-3882 AHM (VBKx)<br>CV 08-3891 AHM (VBKx)<br>CV 08-3929 AHM (VBKx) | Date | January 21, 2009 |
|---|---|---|---|
| Title | JEFFREY KLEIN v. AVIS RENT A CAR SYSTEM INC., et al.<br>ZACK MILLER v. BUDGET RENT A CAR SYSTEM, INC., et al.<br>ZACK MILLER, et al. v. ENTERPRISE LEASING COMPANY-WEST, et al.<br>ZACK MILLER v. VANGUARD CAR RENTAL USA, INC., et al.<br>ZACK MILLER v. DTG OPERATIONS, INC., et al.<br>VULCANO TARQUE v. NATIONAL RENTAL CAR FINANCING CORP., et al.<br>ANDREW L. WOOLF v. COAST LEASING CORP., et al.<br>ZACK MILLER, et al. v. THE HERTZ CORPORATION, et al. | | |

**A.    Plaintiff's UCL and Declaratory Judgment Claims are Not Supported by an Allegation of Individual Harm**

1.    <u>UCL Claim</u>

Plaintiff bases his UCL claim on two allegations: (1) Defendants violated California law by failing to seek or obtain the Insurance Commissioner's approval of rates for premiums; (2) Defendants' premium rates were unlawfully high.  Defendants contend that neither of these allegations meet the requirement under the UCL that a plaintiff suffer an actual injury.  They assert that the first allegation cannot support a UCL claim because an alleged violation of law in itself does not constitute an injury.  They argue that the second allegation is not sufficient because Plaintiff does not assert that he personally paid an excessive rate for insurance.  Defendants also argue that Plaintiff failed to allege that his harm was caused by Defendants' alleged misconduct.  The Court agrees in part with Defendants' analysis.

As a result of Proposition 64, a private litigant may bring a claim under the UCL only if he "has suffered injury in fact and has lost money or property as a result of the unfair competition."  Cal. Bus. & Prof. Code § 17204.  A California Court of Appeal recently held that an individual cannot allege that he suffered an injury in fact just because he bought insurance from a defendant operating without an insurance license. *Peterson v. Cellco P'ship*, 164 Cal. App. 4th 1583, 1589-93 (Cal. Ct. App. 2008).  The *Peterson* court held that the plaintiff did not meet the requirements of Proposition 64 that

O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-0659 AHM (VBKx)<br>CV 08-3871 AHM (VBKx)<br>CV 08-3873 AHM (VBKx)<br>CV 08-3874 AHM (VBKx)✓<br>CV 08-3875 AHM (VBKx)<br>CV 08-3882 AHM (VBKx)<br>CV 08-3891 AHM (VBKx)<br>CV 08-3929 AHM (VBKx) | Date | January 21, 2009 |
|---|---|---|---|
| Title | JEFFREY KLEIN v. AVIS RENT A CAR SYSTEM INC., et al.<br>ZACK MILLER v. BUDGET RENT A CAR SYSTEM, INC., et al.<br>ZACK MILLER, et al. v. ENTERPRISE LEASING COMPANY-WEST, et al.<br>ZACK MILLER v. VANGUARD CAR RENTAL USA, INC., et al.<br>ZACK MILLER v. DTG OPERATIONS, INC., et al.<br>VULCANO TARQUE v. NATIONAL RENTAL CAR FINANCING CORP., et al.<br>ANDREW L. WOOLF v. COAST LEASING CORP., et al.<br>ZACK MILLER, et al. v. THE HERTZ CORPORATION, et al. | | |

he allege that he suffered an economic injury as a result of the alleged sale. *Id.* He did not allege that he paid more for the insurance than he would have from a licensed insurer or agent, or that he paid more than he otherwise would have had defendant not collected a commission. This Court similarly concludes that Plaintiff Miller cannot sue under the UCL simply on the basis that Defendants failed to seek or gain the Insurance Commissioner's approval of rates for premiums.

Plaintiff Miller does allege, however, that

> PLAINTIFF and the other Class members suffered monetary injury as a direct result of DEFENDANTS' wrongful conduct. Specifically, PLAINTIFF and other members of the Class suffered monetary injury when they purchased insurance coverage from DEFENDANTS and by paying rates which were not approved by the Insurance Commissioner as is required by law. Specifically, by their wrongful conduct, DEFENDANTS have collected money from the PLAINTIFF CLASS in excess of that money which they were lawfully and rightfully allowed to collect pursuant to the California Insurance Code.

FAC ¶ 37. Thus, unlike in *Peterson*, Plaintiff here alleges — conclusorily — that Defendants sold insurance at a price higher than they otherwise would have been allowed to charge if they had obeyed the law.

Defendants nevertheless point out that Plaintiff fails to allege that he suffered

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 08-0659 AHM (VBKx)<br>CV 08-3871 AHM (VBKx)<br>CV 08-3873 AHM (VBKx)<br>CV 08-3874 AHM (VBKx)✓<br>CV 08-3875 AHM (VBKx)<br>CV 08-3882 AHM (VBKx)<br>CV 08-3891 AHM (VBKx)<br>CV 08-3929 AHM (VBKx) | Date | January 21, 2009 |
|---|---|---|---|
| Title | JEFFREY KLEIN v. AVIS RENT A CAR SYSTEM INC., et al.<br>ZACK MILLER v. BUDGET RENT A CAR SYSTEM, INC., et al.<br>ZACK MILLER, et al. v. ENTERPRISE LEASING COMPANY-WEST, et al.<br>ZACK MILLER v. VANGUARD CAR RENTAL USA, INC., et al.<br>ZACK MILLER v. DTG OPERATIONS, INC., et al.<br>VULCANO TARQUE v. NATIONAL RENTAL CAR FINANCING CORP., et al.<br>ANDREW L. WOOLF v. COAST LEASING CORP., et al.<br>ZACK MILLER, et al. v. THE HERTZ CORPORATION, et al. | | |

injury "as a result of" the allegedly excessive rates. They rely on *Medina v. Safe-Guard Products*, 164 Cal. App. 4th 105 (Cal. Ct. App. 2008), a recent case brought by the purchaser of a vehicle service contract, against a seller whom the buyer claimed was not licensed to sell insurance. As in *Peterson*, the court rejected the plaintiff's UCL claim because the plaintiff failed to allege he suffered any actual injury:

> Medina has not alleged that he didn't want wheel and tire coverage in the first place, or that he was given unsatisfactory service or has had a claim denied, or that he paid more for the coverage than what it was worth because of the unlicensed status of Safe-Guard. He hasn't suffered any loss *because* of Safe-Guard's unlicensed status.

*Id.* at 114 (emphasis in original). The court went on to note that plaintiff also failed to allege that the defendant's wrongdoing "*caused* him to part with the money he paid" for the insurance. *Id.* at 115.

Here, Plaintiff has merely alleged that Defendants charged a rate that was excessive as a result of their failure to comply with California insurance law. What Plaintiff has not alleged is that their conduct caused him to pay more than he would have had Defendants been licensed. This defect or omission is exacerbated by the fact that Plaintiff did not state which insurance products he purchased, as discussed below. The Court therefore grants the motion to dismiss the UCL claim, but gives Plaintiff leave to amend the allegations.

O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-0659 AHM (VBKx)<br>CV 08-3871 AHM (VBKx)<br>CV 08-3873 AHM (VBKx)<br>CV 08-3874 AHM (VBKx)✓<br>CV 08-3875 AHM (VBKx)<br>CV 08-3882 AHM (VBKx)<br>CV 08-3891 AHM (VBKx)<br>CV 08-3929 AHM (VBKx) | Date | January 21, 2009 |
|---|---|---|---|
| Title | JEFFREY KLEIN v. AVIS RENT A CAR SYSTEM INC., et al.<br>ZACK MILLER v. BUDGET RENT A CAR SYSTEM, INC., et al.<br>ZACK MILLER, et al. v. ENTERPRISE LEASING COMPANY-WEST, et al.<br>ZACK MILLER v. VANGUARD CAR RENTAL USA, INC., et al.<br>ZACK MILLER v. DTG OPERATIONS, INC., et al.<br>VULCANO TARQUE v. NATIONAL RENTAL CAR FINANCING CORP., et al.<br>ANDREW L. WOOLF v. COAST LEASING CORP., et al.<br>ZACK MILLER, et al. v. THE HERTZ CORPORATION, et al. | | |

2.     <u>Declaratory Judgment Act Claim</u>

For the same reason that Plaintiff fails to allege actual injury sufficient to establish a UCL claim, Plaintiff has failed to allege a case or controversy that can support his claim for a declaratory judgment. The Court therefore grants Defendants' motion to dismiss this claim, but gives Plaintiff leave to amend.

**B.     Plaintiff Must Specify the Type of Insurance He Purchased**

In contrast to related complaints this Plaintiff has filed against other rental car companies, Plaintiff's First Amended Complaint in this case does not allege the type of insurance he purchased from Defendants. Defendants aver that the First Amended Complaint thus fails to give them fair notice of Plaintiff's claims because Defendants sell different kinds of insurance products that are subject to different statutory requirements. Plaintiff does not deny this, but claims that Defendants have records of his rentals that they must produce during initial disclosures and during discovery. Opp. at 7.

The Court holds that Plaintiff's claims are not viable unless his pleadings specify the type of insurance he purchased. Without this information Defendants cannot defend against the suit at the pleading stage. Thus, if Plaintiff is unable to make more specific allegations he may not amend and this dismissal will be with prejudice. *See Rojas v. Brinderson Constructors, Inc.*, 567 F. Supp. 2d 1205, 1212 (C.D. Cal. 2008) ("[I]t is plaintiffs' duty to investigate and discover the factual bases of their claims before filing a

O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-0659 AHM (VBKx)<br>CV 08-3871 AHM (VBKx)<br>CV 08-3873 AHM (VBKx)<br>CV 08-3874 AHM (VBKx)✓<br>CV 08-3875 AHM (VBKx)<br>CV 08-3882 AHM (VBKx)<br>CV 08-3891 AHM (VBKx)<br>CV 08-3929 AHM (VBKx) | Date | January 21, 2009 |
|---|---|---|---|
| Title | JEFFREY KLEIN v. AVIS RENT A CAR SYSTEM INC., et al.<br>ZACK MILLER v. BUDGET RENT A CAR SYSTEM, INC., et al.<br>ZACK MILLER, et al. v. ENTERPRISE LEASING COMPANY-WEST, et al.<br>ZACK MILLER v. VANGUARD CAR RENTAL USA, INC., et al.<br>ZACK MILLER v. DTG OPERATIONS, INC., et al.<br>VULCANO TARQUE v. NATIONAL RENTAL CAR FINANCING CORP., et al.<br>ANDREW L. WOOLF v. COAST LEASING CORP., et al.<br>ZACK MILLER, et al. v. THE HERTZ CORPORATION, et al. | | |

complaint; discovery is not an open range for plaintiffs to ride roughshod in the hope that their claims may find support.") (Wright II, J.).

### C. Plaintiff May Seek Only Restitutionary Disgorgement

Pursuant to his UCL claim, Plaintiff seeks "restitution and disgorgement of monies," including "disgorgement of ill-gotten gains." FAC ¶¶ 39, 41, Prayer for Relief for First Claim for Relief No. 3. Defendants contend that to the extent Plaintiff demands nonrestitutionary disgorgement, that demand should be stricken from the First Amended Complaint. Plaintiff responds that he is entitled to restitutionary disgorgement, including return of money in which Plaintiff has a vested interest. Defendants state in their reply that they agree with this conclusion.

For the sake of clarity, the Court orders that if Plaintiff decides to submit a second amended complaint, in this or any of the related cases, he must specify that he is seeking only restitution and restitutionary disgorgement.

## V. CONCLUSION

In sum, the Court GRANTS the motion to dismiss[4] the UCL claim and the claim

---

[4] Docket No. 20.

O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-0659 AHM (VBKx)<br>CV 08-3871 AHM (VBKx)<br>CV 08-3873 AHM (VBKx)<br>CV 08-3874 AHM (VBKx)✓<br>CV 08-3875 AHM (VBKx)<br>CV 08-3882 AHM (VBKx)<br>CV 08-3891 AHM (VBKx)<br>CV 08-3929 AHM (VBKx) | Date | January 21, 2009 |
|---|---|---|---|
| Title | JEFFREY KLEIN v. AVIS RENT A CAR SYSTEM INC., et al.<br>ZACK MILLER v. BUDGET RENT A CAR SYSTEM, INC., et al.<br>ZACK MILLER, et al. v. ENTERPRISE LEASING COMPANY-WEST, et al.<br>ZACK MILLER v. VANGUARD CAR RENTAL USA, INC., et al.<br>ZACK MILLER v. DTG OPERATIONS, INC., et al.<br>VULCANO TARQUE v. NATIONAL RENTAL CAR FINANCING CORP., et al.<br>ANDREW L. WOOLF v. COAST LEASING CORP., et al.<br>ZACK MILLER, et al. v. THE HERTZ CORPORATION, et al. | | |

for declaratory relief, with leave to amend.  Plaintiff has withdrawn his claim under California Insurance Code §§ 1861.01, et seq., and the Court dismisses that claim with prejudice.  Finally, the Court orders Plaintiff to clarify that he is seeking only nonrestitutionary disgorgement, if he decides to submit a second amended complaint.

|  | : |
|---|---|
| Initials of Preparer | SMO |